## In the Matter of the Application of Rebecca Mickle for the Sale of Lands.

Lands devised to R. and C. during their natural lives, and after their decease to their children, with proviso that if either of them should die without issue, the survivor should have the entire property during her life, and at her death it should descend to her children, directed to be sold under the " act to authorize the sale of lands limited over to infants, or in contingency, in cases where such sale would be beneficial."

On petition and proofs.

*Mr. P. L. Voorhees* and *Mr. A. Browning,* for the petitioner.

*Mr. J. M. Scovel,* contra.

The Chancellor.

The petitioner, Rebecca Mickle, prays a sale of certain lands and premises situate in the city of Camden, which, by the will of John W. Mickle, deceased, are devised to her and her sister Clara Mickle during their natural lives, and, after their decease, to their children, with proviso that if either of them should die without issue, the survivor shall have the

entire property during her life, and at her death it shall descend to her children. Both the petitioner and her sister Clara have married, and have issue. This application is made under the provisions of the act " to authorize the sale of lands limited over to infants, or in contingency, in cases where such sale would be beneficial." That act provides (*Nix. Dig.*, § 39,) that in all cases where any future or contingent estate in lands is wholly or in part limited over to infants or persons not *in esse*, or in such manner that the vesting or duration of such estate may be contingent, and the interest of the owners of the particular and future estates in such lands, require, and would be promoted by a sale thereof, it shall be lawful for the Chancellor, upon the application of any person owning a vested estate therein, to direct such lands to be sold in fee, and for that purpose to inquire into the situation of such lands, and the merits of the application ; and if, upon such inquiry, it appears that the situation and present and prospective value of such lands are such that it would be the interest of any person who might own the same in fee, to sell the same, the Chancellor shall direct such sale. Rebecca Mickle, owning a vested estate in these lands, applies to have them sold in fee. An inquiry has been made according to the directions of the act, by a special master of this court, under a reference.

He reports that the interest of the owners of the particular and future estates will be promoted by such sale. The parties have produced numerous witnesses, whose testimony is before me. The lands consist of two tracts : one, including certain flats on the Delaware river, contains about two hundred and sixty acres ; the other is a marsh, not connected with the first named lot, and contains about ten acres. The premises are unimproved, and are liable to be subjected to heavy assessments for city improvements. The receipts from them for eight years are, in the aggregate, $36,288.40, while, on the other hand, the expenses have been $28,915.61—not taking into account the cost of necessary repairs. In the near future, the burthen of extensive municipal improvements, now in

contemplation, will be devolved upon the property. It appears to me to be very clear, from the evidence, that it is the interest of the owners of the particular and future estates in those premises, that the land should be sold. Though it may increase in value within a few years, yet it appears from the evidence very doubtful, to say the least of it, whether that increase would be equal to the interest which would be realized on the investment of the price for which it could now be sold. An order for the sale of both tracts will be made. I am satisfied the property can be sold to the best advantage by selling each tract as a whole.